**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MONROE BERNARD WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>N.B.C.I. ADMINISTRATIVE REVIEW TEAM, et al.,<br><br>Defendants. | Civil Action No.: SAG-24-1097 |

**MEMORANDUM OPINION**

In this civil rights case, two motions are pending related to Plaintiff Monroe Bernard Washington's Second Amended Complaint ("SAC"): a motion for judgment on the pleadings filed by Defendants Bethany Cornachia, Marvin Metz, Steven Miller, Shawn Murray, Robert Pattison, Roman Raley, Earl Ritchie, Richard Roderick, Dean Rounds, and Cory Walker, ECF 77, and a motion to dismiss filed by Defendants Justin Broadwater, William Rodeheaver, and Andrew Wagner, ECF 105. This Court has reviewed the two motions and the oppositions and replies. ECF 101, 106, 114, 116. No hearing is required to resolve the motions. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the motion to dismiss will be granted in part in that Count Two of the SAC will be dismissed without prejudice and with leave to amend. The motion will be denied in part as to Count One and the motion for judgment on the pleadings will be denied.

## I. BACKGROUND

### A. Procedural History

Plaintiff originally filed this lawsuit as a self-represented litigant. ECF 1. On September 15, 2025, this Court docketed an opinion and order ("September 15 opinion") denying Defendants' motion to dismiss Plaintiff's amended complaint and approving appointment of counsel to

represent Plaintiff moving forward. ECF 48, 49. In that opinion, this Court specifically ruled that Plaintiff was entitled to explore in discovery "the role of each Defendant and their subjective knowledge in regard to the over-arching retaliation claims asserted." ECF 48 at 32–33.

Court-appointed counsel entered an appearance and filed the SAC, which includes two counts. ECF 62. Count I is a claim under 42 U.S.C. § 1983 for violation of the First Amendment through retaliation, the same claim discussed in this Court's September 15 opinion. *Id.* ¶¶ 110–21. Count II is a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment, described as "Failure to Protect." *Id.* ¶¶ 122–33.

**B. The SAC's Allegations**

This Court incorporates by reference its detailed summary of the allegations in the Amended Complaint from its September 15 opinion. ECF 48 at 6–12. For the purposes of this opinion, a more general summary of the SAC will suffice. The SAC describes a "coordinated, years-long campaign by officials at the North Branch Correctional Institution ("NCBI")" in Cumberland, Maryland, to "punish" Plaintiff, an inmate in the facility, "for exercising his constitutional right to petition and to speak out about unsafe conditions." ECF 62 ¶ 1. Plaintiff, who was a self-described "active advocate," filed a multitude of Administrative Remedy Procedure ("ARP") grievances and appeals of those grievances. *Id.* ¶ 4. Plaintiff alleges that the twenty-four defendants he has sued engaged in various acts of retaliation, from denying or obstructing his access to ARP grievance forms, to confiscating his property, to placing him in dangerous conditions of incarceration, to encouraging and enabling physical violence against him by other inmates. *Id.* ¶ 6.

Plaintiff also labeled six of the defendants as "Review Defendants" who "set NBCI policy, controlled or influenced housing and security decisions, and participated in Administrative

Segregation reviews and related placement determinations." *Id.* ¶ 38. He termed seventeen of the Defendants "Retaliation Defendants" for their actions "with the ultimate purpose to chill his protected freedom of speech."[1] *Id.* ¶ 39. The specific factual allegations against the individual defendants include confiscating his television and possessions (Defendant Adkins), refusing to provide a blanket (Defendant Rounds), pointing a "finger gun" at Plaintiff (Defendant Raley), letting assailants into Plaintiff's cell (Defendants Wolfe and Wagner), and permitting Plaintiff's return from segregation to general population despite ongoing threats of harm (Defendants Judy and Johnson). *See generally* ECF 62.

## II. LEGAL STANDARDS

One group of defendants has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Such a motion is filed after the pleadings are closed, and permits judgment to be entered where, "assum[ing] the facts alleged in the relevant pleadings to be true" and "draw[ing] all reasonable inferences therefrom" in the plaintiff's favor, the complaint fails to state a claim for relief. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004). Like with a motion to dismiss, "[t]o survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Conner v. Cleveland Cnty.*, 22 F.4th 412, 420 (4th Cir. 2022) (internal quotations omitted).

Another group of defendants sought dismissal of the SAC pursuant to Rule 12(b)(6). A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.

[1] The twenty-fourth defendant, Anthony Wagner, is not listed in either group, but is specifically alleged in the SAC to have opened Plaintiff's cell door, allowing other inmates to enter the cell and attack Plaintiff. ECF 62 ¶¶ 66–68.

*See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

**III. ANALYSIS**

With respect to the overarching retaliation claim that was carried over from Plaintiff's *pro se* amended complaint, this Court stands by the conclusion it reached in its September 15 opinion. Plaintiff alleges that each of the defendants participated, to varying degrees, in efforts to retaliate against him for his ongoing exercise of his First Amendment rights to use ARPs. A First Amendment retaliation claim requires the plaintiff to demonstrate (1) that his speech was protected, (2) that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech, and (3) that a causal relationship exists between the plaintiff's

speech and the defendant's retaliatory action. *See Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000). "[F]or purposes of a First Amendment retaliation claim under [Section] 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ*., 411 F.3d 474, 500 (4th Cir. 2005) (quoting *Washington v. Cnty. of Rockland*, 373 F.3d 310, 320 (2d Cir. 2004)).

Plaintiff has plausibly pleaded those elements here with respect to each defendant. Although the alleged retaliatory conduct varies drastically in severity, none of the conduct is *de minimis* when viewed in the light most favorable to Plaintiff. Because the SAC contains individualized allegations with respect to actions taken by each of the twenty-four named defendants (either individually or as a "review defendant" or "retaliation defendant"), and because Plaintiff alleges that all of the defendants participated in the overarching retaliatory scheme, the repeated use of the word "Defendants" in Count One does not constitute improper group pleading. This Court declines to grant judgment on the pleadings or to dismiss Count One, which will proceed to discovery.

The analysis is different, however, with respect to Count Two. Unlike retaliation, where the standard is simply whether the conduct "would deter a person of ordinary firmness," an Eighth Amendment claim requires a "sufficiently serious" constitutional deprivation and the defendant to have acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citations omitted). Given the wide variance in the nature of the allegations against the individual defendants, Plaintiff's rampant use of "Defendants" in Count Two, without delineating which defendants meet the requisite constitutional standard, constitutes improper group pleading. Because it is evident, however, that Plaintiff's allegations against at least some

Defendants are sufficiently serious to plausibly state an Eighth Amendment claim, this Court will dismiss Count Two and allow Plaintiff fourteen days to file a Third Amended Complaint identifying with particularity (1) which Defendants Count Two is asserted against and (2) for what conduct.[2]

## IV. CONCLUSION

For the reasons set forth above, the pending motion for judgment on the pleadings, ECF 77, is DENIED and the pending motion to dismiss, ECF 105, is GRANTED IN PART, in that Count Two is dismissed without prejudice, and DENIED IN PART as to Count One. Plaintiff is afforded leave to amend and fourteen days to file a Third Amended Complaint identifying with particularity (1) which Defendants Count Two is asserted against and (2) for what conduct. A separate Order follows.

Dated: September 23, 2026

/s/
Stephanie A. Gallagher
United States District Judge

[2] Because this Court is granting leave to amend, Plaintiff need not file a motion requesting leave before docketing the Third Amended Complaint, but should still attach a redlined comparison with the Second Amended Complaint as an exhibit.